IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**GABRIEL ATEH OPATA,**

       **Petitioner,**

v.                                        Case No. 1:22-cv-00572

**ERIC ROKOSKY,**
**Warden, FCI McDowell,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending is Petitioner Gabriel Ateh Opata's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending is Respondent's Motion to Dismiss as Moot. (ECF No. 8).

Having reviewed the record, the undersigned **FINDS** that Petitioner has been released from custody since filing the petition for a writ of habeas corpus; thereby, rendering this proceeding moot. Accordingly, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Motion to Dismiss, (ECF No 8), **DISMISS** the Petition for a Writ of Habeas Corpus; and remove this matter from the docket of the Court.

1

I.      **Relevant Facts**

On December 12, 2022, Petitioner filed the instant habeas petition asking the Court to order the Federal Bureau of Prisons ("BOP") to grant Petitioner time credits against his sentence pursuant to the First Step Act ("FSA"). (ECF No. 1 at 7). Petitioner asserts that the BOP is wrongfully withholding credits based upon an inaccurate application of the statute, which allows prior convictions considered as relevant conduct at sentencing to disqualify inmates from FSA credits. (*Id*. at 2). Petitioner claims that the BOP has used a 2006 charge of domestic violence, which was actually dismissed against him, as a basis for denying him FSA credits.[1] (ECF No. 2 at 1). As a result, Petitioner has been placed in a higher security level facility and has been held in custody longer than he should have been held. (ECF No. 1 at 2, 6). Petitioner asks to be released from incarceration and for the "BOP to strike any charge that is not a conviction from [his] record as to prevent this unjust practice from happening again." (*Id*. 1 at 7).

On January 23, 2023, Respondent filed a Motion to Dismiss the petition on the ground that it is moot. (ECF No. 8). Respondent indicates that Petitioner was released from BOP custody "via First Step Act Release" on January 12, 2023. (*Id*. at 1). Respondent argues that this change in circumstance effectively prevents the Court from granting relief to Petitioner, thus eliminating the case or controversy requirement under Article III of the United States Constitution. (*Id*. at 2-3). According to the Declaration of Destiny Spearen, (ECF No. 8-1), and the BOP inmate locator, Petitioner was indeed released from

---

[1] Petitioner also states that he took an "Alford plea" to a charge of domestic violence in exchange for other domestic violence charges being dismissed. (ECF No. 1 at 2, 6; ECF No. 2 at 1). An Alford plea is a guilty plea in which the defendant maintains his innocence but admits that the prosecution's evidence would likely result in a guilty verdict. Accepting the truth of Petitioner's allegations, at least one charge was not dismissed, but instead resulted in a conviction. Whether this conviction, or one of the dismissed charges, was the charge used by the BOP in the FSA analysis is not entirely clear.

BOP custody on January 12, 2023. *See* www.bop.gov/inmateloc/.

Petitioner was given an opportunity to respond to Respondent's request for dismissal, (ECF No. 9), but has not done so. Although Petitioner was released from custody prior to the Order being entered, the docket indicates that Petitioner's copy was mailed to FCI McDowell. According to BOP Program Statement 5265.14, federal correctional facilities use all means practicable to forward special mail. The Order was not returned to the Clerk of Court; therefore, it appears that Petitioner received the Order.

## II.     Standard of Review

Although Respondent does not state under which Rule of Civil Procedure he brings his Motion to Dismiss, given the stage of the proceedings and nature of the arguments presented, it is best understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), which challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with

3

the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of mootness, because mootness generally deprives a federal court of jurisdiction under Article III of the United States Constitution. *See Justice v. Acosta*, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); *see also Estate of Peeples v. Barnwell Cty. Hosp.*, No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction over Petitioner's petition, alleging that subsequent developments have removed the factual basis for jurisdiction. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

### III. Discussion

As a prerequisite to addressing the merits of the habeas petition, this Court must have subject matter jurisdiction over the dispute pursuant to Article III of the United States Constitution. Even when no party has raised the issue of subject matter jurisdiction, the Court must consider it. Article III allows federal courts to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990) (citations omitted). Consequently, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy'

both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693- 94 (4th Cir. 1983); *also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence."). In other words, a case no longer presents a actionable controversy—and thus becomes moot— when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

The federal habeas corpus statute requires an individual to be "in custody" at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Without that condition precedent, the court lacks subject matter jurisdiction over the habeas proceeding. Although the individual's subsequent release will not itself deprive the court of its jurisdiction, "[t]he question of mootness is separate and distinct" from the "in custody" requirement. *Id*. Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007). As such, when a federal prisoner files a habeas corpus petition seeking an earlier release from incarceration, his supervening release may render the petition moot, because there is no longer a justiciable controversy.

Petitioner requested release from custody and an order compelling the BOP to strike from his record "any charge that is not a conviction," both of which are claims for injunctive relief. According to the Declaration of Ms. Spearen and the BOP inmate locater,

5

Petitioner has since been released from BOP custody. Consequently, Petitioner has received part of the relief he requested in his petition, rendering that portion of his petition moot and subject to dismissal. His remaining request is likewise subject to dismissal, because altering his record is not relief that the Court can grant. *See Thomas v. Caraway,* No. CCB-10-2031, 2011 WL 2416643, at *3 (Jun. 10, 2011) (holding that a prisoner is not entitled to injunctive relief to amend information in an inmate file held by the BOP) (citing *Doyon v. Dep't of Justice,* 304 F. Supp.2d 32, 34 (D.D.C. 2004)). Moreover, Petitioner does not claim that his record is incorrect. Instead, he alleges that the BOP improperly used his record to reach a result that was not in accordance with the provisions of the FSA. Now that Petitioner has been released from custody, any present threat of injury to him based upon such an error by the BOP has been removed, and any future danger is entirely speculative.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a

6

petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, (1975)).

Petitioner does not dispute that his petition is moot, and he does not raise either exception to the mootness doctrine. In any event, had he done so, he would not have been successful, because neither exception applies. Petitioner does not challenge his conviction; rather, he claims that he was deprived of FSA credits due to the BOP's erroneous application of a dismissed domestic abuse charge resulting in a denial of the credits. Where a petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant. *Lane v. Williams,* 455 U.S. 624, 631, (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable probability that Petitioner will be returned to federal custody and face the same alleged wrong. Mere speculation is not sufficient to meet this mootness exception. *Herrera v. Finan,* 709 Fed. Appx. 741, 745-46 (4th Cir. 2017) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 283 (2001)); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Therefore, the undersigned **FINDS** that (1) Petitioner's release from custody renders his habeas petition moot and (2) no exception to the mootness doctrine applies in this case.

### IV.   Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Respondent's Motion to Dismiss, (ECF No. 8), be **GRANTED**; the Petition for a Writ

of Habeas Corpus, (ECF No. 1), be **DENIED**, as moot; and this matter be removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** April 6, 2023

Cheryl A. Eifert
United States Magistrate Judge

8